IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

JAMES M. VARDON,

        Plaintiff,

v.                                    Case No. 2:15-cv-03764

MARY E. STANLEY,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

On March 26, 2015, the plaintiff, James M. Vardon, filed a Complaint (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).[1] This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PLAINTIFF'S CLAIM

The plaintiff's Complaint states as follows:

> On or about August, 2011, I filed a civil case # 2:11-cv-00399 against the West Virginia CPRB seeking a pension. After a time of petty arguments back and forth, my case was dismissed (by the defendant) before it could go to trial. No reason was given! I will be asking for $100,000 for the period that begins with my 62nd birthday until my 80th birthday. My address and phone number are as follows: Sincerely, James M. Vardon. [The plaintiff then attached a mailing label with an address in Tampa, Florida]

(ECF No. 2 at 1).

---

[1] The plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) has been granted by separate Order.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), when a party proceeds without prepayment of fees and costs (also known as *in forma pauperis*), the court is obliged to screen and dismiss the case if the Complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the

2

purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## **ANALYSIS**

This case fails to state a claim upon which relief can be granted against the defendant because, at the time of the events giving rise to the instant Complaint, the defendant, Mary E. Stanley, was serving as a United States Magistrate Judge, and was performing her judicial duties. Thus, she is absolutely immune from suit based upon judicial immunity.

Judicial immunity is a firmly rooted principle of law that shields judicial officers from civil suit for actions taken in exercise of their judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978). The primary policy that supports judicial immunity is also well-established. As early as 1872, the Supreme Court recognized that it is:

[A] general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1872).

The scope of judicial immunity is interpreted broadly.  In *Bradley*, the Supreme Court held: "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley*, 13 Wall. at 351.  The only exceptions to absolute judicial immunity are for non-judicial acts, or where the act is done in complete absence of jurisdiction.  *Stump*, 435 U.S. at 360; *Bradley*, 13 Wall. at 351.  (Id.)  Even if the judge acted in error, he or she is still immune.  *See Stump*, 435 U.S. at 356.  "By the same token, the [Supreme] Court has stated that a judicial act 'does not become less judicial by virtue of an allegation of malice or corruption.'" *Forester v. White*, 484 U.S. 219, 227 (1988).

In the civil action referenced in the plaintiff's Complaint, Case No. 2:11-cv-00399, the plaintiff, proceeding *pro se,* sued the West Virginia Consolidated Public Retirement Board ("CPRB"), asserting a claim for payment of a pension.  The CPRB filed a Motion to Dismiss, which Magistrate Judge Stanley treated as a Motion for Summary Judgment because the CPRB relied upon an affidavit, which is a matter outside the pleadings.  After full briefing of the motion, Magistrate Judge Stanley submitted a document titled "Proposed Findings and Recommendation" (hereinafter "PF&R"), proposing that the Honorable John T. Copenhaver, Jr., the United States District Judge assigned to that case, find that the plaintiff was not entitled to a pension because he did not meet the eligibility requirements, and recommending that the CPRB's motion be granted.

The plaintiff filed objections to the PF&R.  On March 2, 2012, Judge Copenhaver filed a Memorandum Opinion and Order in which he overruled the plaintiff's objections, adopted the PF&R, granted summary judgment in favor of the CPRB, and dismissed Case

No. 2:11-cv-00399 with prejudice. As noted above, in the instant civil action, the plaintiff now attempts to sue Mary E. Stanley for her role in the dismissal of his prior case.

The challenged actions by defendant Stanley were "judicial acts" taken in the course of her jurisdiction as a United States Magistrate Judge, pursuant to 28 U.S.C. § 636. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that defendant Stanley is entitled to absolute immunity from suit. The undersigned further proposes that the presiding District Judge further **FIND** that the plaintiff's Complaint fails to state a claim upon which relief may be granted against Mary E. Stanley, and, therefore, the plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

## RECOMMENDATION

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2), in its entirety, pursuant to 28 U.S.C.§ 1915(e)(2)(B) and the holdings in *Twombly* and *Iqbal*.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

September 29, 2017

Dwane L. Tinsley
United States Magistrate Judge

6